UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY ELLIOTT,

    Plaintiff,

v.

                Case No. 19-cv-13507
                Hon. Matthew F. Leitman

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER GRANTING PETITION FOR AUTHORIZATION OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (ECF No. 19)

In this action, Plaintiff Kelly Elliott brought claims against Defendant Commissioner of Social Security for a wrongful denial of social security benefits. (*See* Compl., ECF No. 1.)  In 2020, the parties agreed to remand the case first to the Commissioner for "further administrative action," and then, to an Administrative Law Judge ("ALJ") with instructions to the ALJ to "give further consideration to the medical opinion evidence" and to Elliott's "residual functional capacity[.]" (Stipulation & Order, ECF No. 16; Judgment, ECF No. 17.)  The ALJ was further instructed to "take further action to complete the administrative records as needed" and "issue a new decision." (*Id.*)  On September 10, 2024, the Social Security Administration sent Elliott a Notice of Award, informing her that she was entitled to benefits dating back to 2016. (*See* Notice, ECF No. 19-1, PageID.760.)  Now before

1

the Court is a petition for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b). (*See* Pet., ECF No. 19.) For the reasons explained below, the petition is **GRANTED**.

Section 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a [social security claimant] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

Here, counsel seeks a fee of $16,800.[1] Elliott has filed an "Affirmation" in which she states that she consents to the fee amount requested. (*See* Attestation, ECF No. 19-4, PageID.769.) Further, the Commissioner does not contest that Plaintiff's counsel is entitled to fees pursuant to Section 406(b), nor does the Commissioner contend that the fee amount is unreasonable. For those reasons, and for the reasons set forth in the petition (*see* ECF No. 19), the Court also concludes that the amount of fees requested is reasonable.

---

[1] The total payment to Elliott after attorney's fees were withheld was $105,742.20, with $32,075.50 withheld for attorney's fees. (*See* Notice of Award, ECF No. 19-1, PageID.761-762.) The amount counsel requests is therefore less than the statutory cap on such fees. *See* 42 U.S.C. § 406(b)(1)(A).

2

The Commissioner requests that (1) because Plaintiff's counsel also received fees under the Equal Access to Justice Act ("EAJA"),[2] Plaintiff's counsel must refund the smaller fee (the EAJA fee) to Elliott, and (2) the Court specify in its order that any amount it authorizes under Section 406(b) is to be paid out of Elliott's past-due benefits. (*See* Resp., ECF No. 21, PageID.801-802.)  Plaintiff's counsel has attested that upon receipt of the payment of Section 406(b) fees, she will "repay Plaintiff the $2,675 already paid to [counsel] under the [EAJA]." (Pet., ECF No. 19, PageID.756.)  Plaintiff's counsel did not reply to the request from the Commissioner that the Court specify that attorney's fees be paid out of Elliott's past-due benefits. Accordingly, the Court **GRANTS** the petition for attorney's fees in the amount of $16,800 pursuant to 42 U.S.C. § 406(b).  This award shall be paid out of Elliott's past-due benefits.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 26, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

---

[2] (*See* Stipulation & Order, ECF No. 18.)

3